THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* VENDOME SERVICE, INC., Defendant.

City Magistrates' Court of New York, Municipal Term, Borough of Manhattan, May 19, 1939.

*William C. Chanler*, Corporation Counsel [*Charles C. Weinstein*, Assistant Corporation Counsel, *Edward Thompson*, Special Assistant Corporation Counsel, of counsel], for the plaintiff.

*Newman, Hauser & Teitler* [*Samuel B. Newman* and *Samuel L. Teitler* of counsel], for the defendant.

AURELIO, C. M. The facts in this case are conceded. The jurisdiction of the municipality and the State over the premises, however, is challenged.

In March, 1938, the United States purchased the premises Nos. 2–4 LaSalle street, New York, N. Y., with the consent of the State of New York, and pending the construction of a post office thereon, leased a certain portion of the building to the defendant for the purpose of storing motor vehicles.

This prosecution is for the defendant's failure to secure the permit required by section C19-64.0, of the Administrative Code of the City of New York, which provides:

" § C19–64.0. Permit.— a. Permit required. It shall be unlawful to store, house or keep any motor vehicle other than one the fuel storage tank of which is empty, except in a building, shed or enclosure for which a garage permit shall have been issued."

The defendant contends that inasmuch as the property is government-owned and it is in possession under a lease made pursuant to authority prescribed in section 262 of title 40 of the United States Code entitled "Public Buildings," both the city and the State are without jurisdiction in the matter.

The right of the United States to establish post offices is a governmental function and is derived from the Constitution (Art. 1, § 8, cl. 7), and post offices have commonly been regarded as within the expression "other needful buildings." (U. S. Const. art. 1. § 8, cl. 17. See *Battle* v. *United States*, 209 U. S. 36.)

The defendant relies on the case of *United States* v. *Unzeuta* (281 U. S. 138), wherein, speaking for a unanimous court, Mr. Justice HUGHES in his opinion stated: " When the United States acquires title to lands, which are purchased by the consent of the Legislature of the State within which they are situated ' for the

erection of forts, magazines, arsenals, dockyards and other needful buildings ' (Const. art. 1, sec. 8), the Federal jurisdiction is exclusive of all State authority."

The law as stated by Mr. Justice HUGHES in *United States* v. *Unzeuta* (*supra*) and similar language used by the Supreme Court in other cases on the subject, is well settled, but this language must be read in the light of the facts and circumstances in each particular case. A careful study of this case ( *United States* v. *Unzeuta, supra*) and other cases on the subject will disclose that under certain circumstances the jurisdiction ceded to the government may be made conditional or limited.

The consent of the State of New York to the United States to purchase the property in question for a post office will be found in section 50 of the State Law.

Section 52 of the State Law empowers the Governor of the State, upon application of the United States, " to execute, in the name of the State and under its great seal, a deed or release of the State ceding to the United States the jurisdiction of said   *   *   * land as hereinafter provided."

Section 54 of the State Law provides: " but the jurisdiction hereby ceded and the exemption from taxation hereby granted, shall continue in respect to said property so long as the same shall remain the property of the United States, and be used for the purposes aforesaid, and no longer." " The purposes aforesaid," referred to in this section, means for a governmental purpose, in this case a post office.

The United States government has not as yet applied to the State of New York for jurisdiction over the premises in question, under section 52 of the State Law (*supra*), and such jurisdiction could easily be obtained by complying with said section.

However, this not having been done, the rule to be applied in such a case is laid down in the leading case on the subject (*Fort Leavenworth R. R. Co.* v. *Lowe*, 114 U. S. 525, 531), wherein Mr. Justice FIELD said:

" The consent of the States to the purchase of lands within them for the special purposes named is, however, essential, under the Constitution, to the transfer to the general government, with the title, of political jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, unless political jurisdiction be ceded to them in some other way, is simply that of an ordinary proprietor. The property in that case, unless used as a means to carry out the purposes of the government, is subject to the legislative authority and control of the States equally with the property of private individuals."

Further (at p. 539), the learned justice said: "It not being a case where exclusive legislative authority is vested by the Constitution of the United States, that cession could be accompanied with such conditions as the State might see fit to annex not inconsistent with the free and effective use of the fort as a military post."

Even if jurisdiction has been ceded to the government under section 52, such jurisdiction would be conditioned upon the government using the property for governmental purposes as specified in section 53. That such condition is valid has been decided in the case of *Palmer* v. *Barrett* (162 U. S. 399), wherein (at p. 403) the court said: "The question therefore depends upon the provisions of the act of the Legislature of the State of New York, already referred to, by which jurisdiction was ceded to the United States. Looking at that act, we find that it was 'for the uses and purposes of a navy yard and naval hospital,' and that it was therein expressly provided 'that the United States may retain such use and jurisdiction as long as the premises described shall be used for the purposes for which jurisdiction is ceded, and no longer. * * *' The power of the State to impose this condition is clear. * * * Now, the land in question here was clearly not used by the United States and occupied by it for a navy yard or naval hospital. * * * This being true, the case then presents the very contingency contemplated by the act of cession, that is, the exclusion from the jurisdiction of the United States of such portion of the ceded land not used for the governmental purposes of the United States therein specified."

In referring to *Fort Leavenworth R. R. Co.* v. *Lowe* (*supra*), the Supreme Court of the United States in the case of *Arlington Hotel* v. *Fant* (278 U. S. 439, at p. 451) said: "The Court pointed out that the United States without the consent of a State might purchase or condemn for its own use State land for a national purpose, and that without any consent or cession by the State, such jurisdiction would attach as was needed to enable the United States to use it for the purpose for which it had been purchased. The Court held that in such a case when the purpose ceased, the jurisdiction of the Federal government ceased. But the Court further held that when a formal cession was made by the State to the United States after the original purchase of the ownership of the land had been made, the State and the Government of the United States could frame the cession and acceptance of governmental jurisdiction, so as to divide the jurisdiction between the two as the two parties might determine, provided only they saved enough jurisdiction for the United States to enable it to carry out the purpose of the

acquisition of jurisdiction. The Court therefore held that a saving clause in the language of the cession requiring that the railroad should pay taxes was not invalid but was in accord with the power of both parties and might be enforced."

It follows from the foregoing cases that where, as in this case, jurisdiction has not been ceded to the government, or if jurisdiction is ceded on condition that the property be used for government purposes, the jurisdiction of the Federal government is exclusive only so long as the property is used for government purposes. That is, where, as in the case at bar, the government leases the property to a private person to carry on a non-governmental function, such property is subject to the legislative authority and control of the State equally with the property of private individuals.

The defendant, therefore, is found guilty.