THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VENDOME SERVICE, INC., Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, April 17, 1940.

*Newman, Hauser & Teitler* [*Samuel L. Teitler* of counsel], for the appellant.

*William C. Chanler, Corporation Counsel* [*Paxton Blair* and *Oren Clive Herwitz* of counsel], for the respondent.

BAYES, Ch. J.   Appeal by defendant from judgment rendered in the Magistrates' Court, City of New York, Municipal Term, on May 19, 1939, adjudging defendant guilty of a violation of section C19–64.0 of the Administrative Code of the City of New York and imposing a fine of twenty-five dollars.

The violation charged against defendant rests upon the failure to obtain a permit for the storage of automobiles.

The case is before this court upon an agreed statement of facts set forth in the trial minutes.   A complaint verified by Jacob Schreier, inspector of combustibles of the fire department of the city of New York, alleged " that on the 4th day of January, 1939 at the City of New York, and County of New York, Vendome Service Corporation (now here) did unlawfully store, house or keep motor vehicles, the fuel storage tanks of which were not empty, in a building, shed or enclosure of the premises 4–6 LaSalle Street, Borough of Manhattan, City of New York, and County of New York, without a permit from the Fire Commissioner, in violation of

Chapter 19, Article * * * Section C19–64.0 of the Administrative Code of the City of New York."

It appears that the premises were purchased by the United States government for use as a post office pursuant to legislative enactment contained in section 50 of the State Law. Shortly after the purchase, the Secretary of the United States Treasury executed a lease to defendant of a portion of the premises for the purpose of storing motor vehicles. Defendant concedes that no permit was issued by the fire department of the city of New York and that the occupancy by the defendant constitutes a violation of section C19–64.0 of the Administrative Code in the event that the court should find the building is within the jurisdiction of the city of New York and not exclusively within the government of the United States.

The defendant contends that neither this court nor the city has jurisdiction and further that the State and municipal law were at once displaced when the United States acquired property for the construction and maintenance of a United States post office.

We are of the opinion that the acts and proceedings as disclosed by the record did not deprive the State of New York of jurisdiction and that accordingly the judgment should be affirmed.

Section 50 of the State Law, which is a general as distinguished from a special legislative enactment, authorizes the government of the United States to acquire land for the purposes therein specified, including post offices. Section 51 of the State Law provides, among other things, for condemnation in the event that the United States desires to acquire land for the purposes mentioned in section 50, where it cannot agree with the owner as to the purchase thereof. Section 52 of the State Law provides for the execution of a deed or release by the Governor to the United States where it appears that the United States has filed in the office of the Secretary of State of the State of New York certified copies of the record or transfer to it of lands acquired for the purposes specified in section 50. Said section 52 further provides, among other things, that " the Governor of this State is authorized, if he deems it proper, to execute in duplicate, in the name of the State and under its great seal, a deed or release of the State ceding to the United States *the jurisdiction* of said tracts or parcels of land as hereinafter provided." (Italics supplied.)

It is apparent from an examination of the foregoing sections of the State Law that unless and until said section 52 has in all respects been complied with and its requirements completely met the United States government cannot be said to exercise jurisdiction over property acquired under sections 50 and 51 to the partial or total exclusion of the State of New York. There is no pretense or

claim in the agreed statement of facts that section 52 has been complied with, and hence no cession of jurisdiction passed from the State of New York to the Federal government. It is clear that sections 50 and 51 do not divest the State or its courts of jurisdiction of such property, criminal or civil. Inasmuch as it does not appear that a deed executed by the Governor as provided in section 52 ceding to the United States the jurisdiction of the land, the magistrate had jurisdiction and was justified in finding defendant guilty as charged in the complaint. (See *People* v. *Kraus*, 212 App. Div. 397; *Fort Leavenworth R. R. Co.* v. *Lowe*, 114 U. S. 525, and *Palmer* v. *Barrett*, 162 id. 399.)

BURLINGAME and McDONALD, JJ., concur.