THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* VENDOME SERVICE CORPORATION, Defendant.

City Magistrates' Court of New York, Municipal Term, Borough of Manhattan, February 5, 1942.

*William C. Chanler*, Corporation Counsel [*Charles C. Weinstein* and *David P. McKean* of counsel], for the City of New York.

*Newman, Hauser & Teitler*, for the defendant.

AURELIO, C. M. The facts are conceded. Defendant admits it has not secured the permit required under section C19–64.0 (garage permit) of the Administrative Code of the City of New York, and contends that neither the State nor the city has any jurisdiction over the premises because the United States owns

the premises and the defendant occupies the same under a lease from the government.

The defendant was previously convicted in this court on the same charge on May 19, 1939. (See opinion of the magistrate in 171 Misc. 191.) The conviction was affirmed by the Appellate Part of the Court of Special Sessions of the City of New York, First Judicial Department. (See opinion of the court in 173 Misc. 825). The conviction was also affirmed by the Court of Appeals without opinion. (284 N. Y. 742.)

At the time of the first trial the jurisdiction of the State of New York had not been ceded to the United States because there had not been compliance with sections 52–54 of the State Law or sections 210–212 of the General Municipal Law of this State.

For some unknown reason, perhaps an historical one, two methods are provided by law for the acquiring of jurisdiction by the United States over lands it may purchase for governmental use. Sections 210-212 of the General Municipal Law apply when the United States acquires " by condemnation, purchase or gift in conformity with the laws of this State, one or more pieces of land not exceeding two acres in extent, in any city or village of this State, for the purpose of erecting and maintaining thereon a public building for the accommodation of post-offices and other governmental offices in any such city or village * * *." (§ 210.) Then, upon filing in the office of the Secretary of State of this State, " * * * certified copies of the record or transfer to the United States of any such pieces of land which had been acquired by the United States for the purposes specified in section two hundred and ten of this article, * * * exclusive jurisdiction, * * * is thereupon ceded to the United States over the lands * * *, during the time that the United States shall be or remain the owner thereof." (§ 211.) It will be noticed this procedure may be followed when the land purchased or acquired does not exceed " two acres in extent." It is conceded the land purchased in the case at bar does not exceed two acres in extent.

The other method provided by law is governed by sections 50–54 of the State Law of this State. Under these sections no limitation is placed on the extent of the land that may be purchased or acquired. Section 52 requires that the United States file in the office of the Secretary of State of this State certified copies of the record or transfer to it of lands acquired for the purposes specified in section 50. When this is done section 52 further provides that " the Governor of this State is authorized, if he deems it proper, to execute in duplicate, in the name of the State and under its great seal, a deed or release of the State ceding to the United States the

jurisdiction of said tracts or parcels of land as hereinafter provided." The jurisdiction thus ceded, however, is not unlimited; it is conditioned upon the government using the land for the purposes for which it was authorized to purchase or acquire it, to wit, in this case, a post office, because section 54 provides " * * * but the jurisdiction hereby ceded and the exemption from taxation hereby granted, shall continue in respect to said property so long as the same shall remain the property of the United States, and be used for the purposes aforesaid, and no longer." Such a condition has been upheld by the courts. (See *Palmer* v. *Barrett*, 162 U. S. 399, 403.)

The land acquired in this case being less than two acres in extent, the United States chose to proceed to acquire jurisdiction under the General Municipal Law (§§ 210–212), and now the defendant contends that the jurisdiction ceded to the United States under the provisions of the General Municipal Law is unconditional and unlimited because section 211 specifically provides " exclusive jurisdiction, * * * is thereupon ceded to the United States over the lands so described, during the time that the United States shall be or remain the owner thereof." Unlike section 54 of the State Law, this section does not impose the condition that the property be used for the purposes for which it was purchased.

Thus, the question squarely presented is, whether the General Municipal Law is separate and distinct from the State Law, or whether the two laws must be read together. If the two laws are not separate and distinct, then it seems to me that the jurisdiction ceded to the United States under either law is conditional and limited, and both the municipality and the State would have jurisdiction over the premises during the time that the United States does not use it for the purpose for which it was acquired. I have not found any reported case deciding this question.

I am of the opinion that the two laws should be read together. Section 210 of the General Municipal Law clearly provides that the United States may acquire land in cities " by condemnation, purchase or gift *in conformity with the laws of this State.*" (Italics mine.) This language, I think, ties the two laws together. " In conformity with the laws of this State " means in conformity with the provisions of the State Law. I know of no other law covering the subject.

However, assuming that the two laws are separate and distinct and bear no relation to one another, still I think that the jurisdiction ceded to the United States under section 210 of the General Municipal Law is conditioned upon the United States' using the property for the purpose for which it was acquired. It is evident that the

intent of the law is to cede sovereignty over the lands so purchased in recognition of the constitutional right of the United States to acquire lands in the various States of the Union, with their consent, as provided in clause 17 of section 8 of article I of the United States Constitution, in order to enable the government to carry on a governmental function, and nothing more. This is so because the right granted to the United States under section 210 of the General Municipal Law to " acquire lands in cities " is " for the purpose of erecting and maintaining thereon a public building for the accommodation of post-offices and other governmental offices." Admittedly, the United States is not using the land for a governmental purpose. In my opinion the condition that the lands purchased be used for governmental purposes, before the United States acquires exclusive jurisdiction over the lands, is clearly implied. To hold otherwise, would frustrate the whole intent of the law.

Therefore, the defendant is found guilty.