THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VENDOME SERVICE, INC., Appellant.*

Court of Special Sessions of City of New York, Appellate Part, First Department, August 13, 1942.

---

* Affg. 177 Misc. Rep. 1039.

*Newman, Hauser & Teitler* (*Samuel L. Teitler* of counsel), for appellant.

*William C. Chanler, Corporation Counsel* (*John D. J. Moore, Jr.,* of counsel), for respondent.

BAYES, Ch. J. Appeal by defendant from judgment of the Magistrates' Court of the City of New York, Municipal Term, Manhattan, rendered February 5, 1942, convicting it of a violation of section C19-64.0 of the Administrative Code of the City of New York. A fine of $100 was imposed.

The complaint verified October 3, 1941, by Jacob Schreier, an inspector of combustibles of the fire department, charged that on the 30th day of September, 1941, in New York county defendant did "unlawfully store, house or keep motor vehicles, the fuel storage tanks of which were not empty, in a building, shed or enclosure on the premises, 4-6 LaSalle Street, Borough of Manhattan, City of New York and County of New York, without a permit from the Fire Commissioner, in violation of Chapter 19, Article —, Section C19-64.0 of the Administrative Code of the City of New York."

The provision of the Administrative Code with which we are here concerned reads as follows: "§C19-64.0. Permit.—a. Permit required. It shall be unlawful to store, house or keep any motor vehicle other than one the fuel storage tank of which is empty, except in a building, shed or enclosure for which a garage permit shall have been issued."

The case was tried upon an agreed statement of facts which may be summarized as follows: On the date in question, September 30, 1941, defendant was occupying premises 4-6 La Salle street, also known as 2-4 La Salle street, New York county, as a non-storage garage wherein no gasoline was sold or stored, other than the gasoline contained in the automobiles stored on the premises. No permit for a non-storage garage had ever been obtained from the department of housing and buildings. Defendant had used the premises as a non-storage garage since October 23, 1935, and on February 13, 1936, after application

to the commissioner of housing and buildings, was refused a certificate of occupancy. Following this refusal defendant appealed to the board of standards and appeals on March 5, 1936. Thereafter and on July 7, 1936, the said board refused to grant a variation from the zoning resolution because of the restriction contained in the then Zoning Law, now to be found in section 21A of the Zoning Resolution of the City of New York. On March 18, 1938, the United States Government, by deed executed and recorded on said date, acquired from the City Bank-Farmers Trust Company as trustee under the will of Julia E. Cameron, title to the premises in question, totaling approximately 22,835 square feet, constituting less than an acre, for use as the Manhattanville Postal Station. On the date in question, September 30, 1941, the premises were not being used, nor had they ever been used, as a United States Postal Station or in any way accessory to such use. Due and proper service of a summons upon defendant corporation is admitted. Certified copies of the papers required to be filed pursuant to sections 210-212, both inclusive, of the General Municipal Law of the State of New York, certified by the Secretary of the State of New York, were received in evidence.

Defendant admits that the conduct of a non-storage garage on the premises hereinabove referred to constitutes a violation of said section C19-64.0 of chapter 19 of the Administrative Code of the City of New York if it be established that the State of New York lawfully exercised jurisdiction over the premises. From the foregoing it follows that the question raised upon this appeal is one of law, *viz.*, as to whether or not the jurisdiction of the United States, after acquiring title to the property, was exclusive of all State or municipal authority.

We are of the opinion that the jurisdiction of the United States, under the circumstances of the case, was not exclusive of all State or municipal authority and that, accordingly, the judgment should be affirmed.

As to the point stressed by defendant-appellant to the effect that upon the acquisition by the United States of property for the construction and maintenance of a post office, State and municipal laws are displaced, there is no need to add anything to the able opinion of the trial court. (AURELIO, C. M., reported in 177 Misc. Rep. 1039.) We think the trial court was correct in holding that by the express terms of section 210 of the General Municipal Law, the United States was authorized to acquire the land only ''in conformity with the laws of this state.'' That provision or limitation made applicable section 54 of the

State Law, which provides that the jurisdiction ceded "shall continue * * * so long as the same shall remain the property of the United States, and *be used for the purposes aforesaid,* and no longer." (Italics supplied.) We have not overlooked the contention of defendant-appellant that the words "in conformity with the laws of this state" were, under the rule of *ejusdem generis,* intended merely to indicate that the condemnation, purchase or gift should be in conformity with the laws of the State. We think these words in said section 210 should be given a broader application.

We wish merely to add that while the United States acquired title under the deed from the City Bank-Farmers Trust Company, there remained the contingency that has arisen in this case—*viz.,* the bare passing of title, without physical change in the property itself or use thereof for the purpose intended. In such case the "jurisdiction" remaining in the State does not defeat the title, but is in the nature of authority for the exercise of police power to enforce safety regulations in the interest and for the protection of the public. This is emphasized by section C19-64.0 of the Administrative Code, above set forth, which requires a permit where, as in this case, the fuel storage tank was not empty. Naturally the granting of such permit would be predicated upon the maintenance of such conditions as would insure public safety.

Bearing in mind that said section C19-64.0 is basically a safety measure enacted for the protection of the public, it might well be argued that by necessary implication property conveyed pursuant to the General Municipal Law would be subject to the provisions of the State Law, until utilized for the erection and maintenance of a post office station as contemplated by both the State and Federal Governments. In that view the State would retain the jurisdiction here invoked even though the words "in conformity with the laws of this state" were omitted from section 210 of the General Municipal Law.

We have examined the various cases cited by defendant-appellant, but find none which we consider in conflict with the views herein expressed.

Accordingly, the judgment should be affirmed.

All concur. Present—BAXES, Ch. J., WIEBOLDT and PAIGE, JJ.