THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HUEL A. TURKETT, Defendant.

County Court, Schenectady County, December 30, 1948.

*William M. Nicoll, District Attorney* (*Emmet J. Lynch* of counsel), for plaintiff.

*David B. Alford* and *F. Walter Bliss* for defendant.

LIDDLE, J. This is a motion, pursuant to statute, to inspect the minutes of the Grand Jury of the County of Schenectady, which returned an indictment against the above defendant, Huel A. Turkett, charging said defendant with violation of section 1897 of the Penal Law of the State of New York, as a felony.

Application for such examination was made upon order to show cause granted by this court upon affidavit of counsel and duly served upon the District Attorney of Schenectady County and returnable on December 14, 1948.

Learned counsel urged upon his argument that the purpose of the application was, first, for an order to examine the minutes and then for a motion to dismiss on the ground of lack of jurisdiction of a New York State court to entertain jurisdiction of the crime for the reason that the defendant is alleged to have some knowledge that the alleged crime, if one was committed, was committed upon United States Government property and therefore the New York State court would lack jurisdiction to entertain a criminal proceeding or to proceed with the prosecution of the defendant under the indictment.

Counsel for the defendant in his memorandum cites various cases and especially relies upon the case of *People* v. *Hillman*

(246 N. Y. 467). The District Attorney, likewise, in his memorandum urges the court in his argument that inspection of the minutes should not be granted and in the event they were granted, there is solely a question of jurisdiction involved and the question of jurisdiction may be raised at any time and can only be raised upon the trial of the defendant charged with the commission of a crime and where Government property is or may be involved and where situs of the crime may have occurred upon United States Government owned property and relies upon the case of *People* v. *Vendome Service, Inc.* (173 Misc. 825, affd. 284 N. Y. 742).

An application to inspect the minutes of the Grand Jury is addressed to the sound discretion of the court and can be granted only as a matter of right. This court has examined the minutes of the Grand Jury and finds that no substantial right of the defendant appears to be or has been invaded. On the contrary, it appears that the indictment was returned and found upon sufficient legal evidence. The defendant did not testify before the Grand Jury, nor was called upon to waive immunity and testify by the District Attorney.

If the defendant did have in his possession a revolver without a duly issued license or permit to carry it, the situs of the violation may well become a factually controverted question conferring jurisdiction upon the State court and may well become a proper subject of a motion upon the trial by the defendant. Even the jurisdictional place or the conditions surrounding the violation may well become a matter of proof upon the trial and defendant with the advice of counsel upon the trial may exercise and protect the defendant's right at such time and during the entire trial, under section 287 of the Code of Criminal Procedure, which reads as follows: " In pleading a judgment or other determination of a court or officer of special jurisdiction, it is not necessary to state the facts conferring jurisdiction; but the judgment or determination may be stated to have been duly given or made. *The facts constituting jurisdiction, however, must be established on the trial.*" (Italics supplied.)

This court is most mindful of the serious nature of the charge as alleged in this indictment. However, in view of the nature of this motion and the involvement of the alleged crime having allegedly occurred on United States Government property, with all the conditions precedent required to be established as between a State and the United States Government, this court is impelled at this time to deny the application for inspection of the minutes of the Grand Jury.