J. Robert Lynch, J.
The Motor Vehicle Accident Indemnification Corporation (here entitled the respondent) moves for a permanent stay of arbitration.
The petitioner, a United States airman, was injured by a hit- and-run driver while walking along a road on G-riffis Air Base, a United States Air Force installation near Rome, New York. The petitioner’s civilian residence is in New York and he is insured under a policy bearing the standard MVAIC indorsement. The motion to stay arbitration raises a primary question— does the fact that the accident happened on the air base deprive the petitioner of the remedy, otherwise his, against the MVAIC (Insurance Law, art. 17-A).
*637 Both by wording of the statutes (Insurance Law, §§ 605, 608, 610, 617, 618) and the policy indorsement, relief against the MVAIiC for our purposes must be predicated upon the accident’s having happened within this State. The petitioner would have us define this “ State” as the area lying within its exterior boundaries. While this is the quick and customary conclusion, it is in fact an oversimplification. In its largest sense, a State is a body politic or a society of men (Keith v. Clark, 97 U. S. 454). In a geographical sense, a State is that territory over which the particular body politic exercises sovereignty (Texas v. White, 74 U. S. [7 WALL.] 700). Land over which the State has neither title nor jurisdiction is not a part of it even though it may lie within its exterior boundaries.
Where the Federal Government owns land within the exterior boundaries of New York, its ownership takes several forms. In the main, it may either have title only in the same manner as a private citizen, or it may have title and jurisdiction in the manner of a sovereign. The grant of title does not, ipso facto, grant jurisdiction (People v. Vendome Serv., 173 Misc. 825, affd. 284 N. Y. 742). The distinction is both scrupulously observed and carefully preserved in our State laws controlling transfers to the United States (State Law, arts. 3, 4). Once title has passed, a subsequent grant of jurisdiction is within the discretion of the Governor (State Law, § 52).
Where the State has granted jurisdiction to the Federal Government, it may have been done in one of several ways. For example, jurisdiction may have been ceded without reservation (State Law, §•§ 20, 21); it may have been with a reservation of right only to serve criminal or civil process ( State Law, §§ 22, 23, 53); or jurisdiction may have been ceded with a reservation of the State’s right to serve process and to apply generally the operation of its other public laws (State Law, §§ 33, 34).
Both parties agree that the cession of jurisdiction over the land here involved was by Deed of Cessions, dated July 27,1950, and recorded in the office of the Secretary of State, in Volume 31 of Original Deeds and Title Papers at pages 426 through 430. That instrument cedes jurisdiction reserving only the right to serve process.
Suggestion has been made that the State, by reserving the right to serve process, included by intention the right to apply all of its public laws. However, we see no reason to stretch the word “ process ”, as it is used here, out of all proportion to its usual meaning, i.e., those legal measures necessary to insure appearance in court (see Black’s Law Dictionary, *638 “ process ”). This proposal also overlooks the fact that where the State has desired to make its public laws applicable, it has ceded jurisdiction with that reservation expressly stated.
We conclude therefore that the accident herein did not occur in this State within the meaning either of the policy indorsement or article 17-A of the Insurance Law.
With the United States having jurisdiction, we must consider the effect of section 457 of title 16 of the United States Code. In pertinent substance that section declares that in any action brought to recover on account of injuries sustained in any place subject to the exclusive jurisdiction of the United States, “ the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be
The MVAIC is a nonprofit corporation created by the New York State Legislature to provide a more certain recompense to innocent victims of automobile accidents (Insurance Law, § 600). While its disbursement of funds is more in the public notice, its collection of these funds is an equally necessary part of its function (Insurance Law, § 607). Its creation was a recognition of two facts: first, that insurance carriers, by their desire to do business in the State, could be compelled to. contribute the necessary funds immediately; and, second, that New York residents were concerned enough about the basic problem to ultimately absorb the cost in their insurance premiums.
By the terms of its creation, then, the life of MVAIC hangs literally in a balance — while it assumes to make payments on the one hand, it must be able to compel payments to itself on the other. There must be an actuarial relationship maintained and equity demands that those potentially entitled to receive payment must at least be encompassed within the scope of those subject to a compulsion to pay a share of the cost.
The Congress has not ceded back to the State of New York a jurisdiction .sufficient to enable it to enforce a complete compliance with the act creating MVAIC. It is therefore immaterial that by happenstance the petitioner here is an insured, were he in this State. Because such a cession of jurisdiction has not been made, or reciprocal provision offered by the Congress, we deem that it did not intend the MVAIC .should be a party within the meaning of section 457 of title 16 of the United States Code.
The petitioner raises the objection that the MVAIC is estopped from moving to stay arbitration on the ground that, prior to MVAIC’s retaining counsel, its adjuster made an offer of settlement. We shall not discuss this further than to say that there has been no .showing that the petitioner did anything, omitted to do anything or changed his position in reliance on this *639 offer. Without suoh a showing there can be no estoppel (Byrne v. Barrett, 268 N. Y. 199). The motion of the Motor Vehicle Accident Indemnification Corporation to permanently stay arbitration is granted.