John M. Sipos, Esq. County Attorney, Seneca
You have asked to what extent the county coroner has jurisdiction on land owned by the Federal government within the county.
Under Federal law, the United States can only obtain jurisdiction over land it acquires upon consent of a state and acceptance of such jurisdiction by the Federal government (U.S. Const., Art I, § 8, cl 17; 40 U.S.C. § 255). The State of New York has authorized the purchase of land by the government of the United States:
 "* * * for the purpose of parade or maneuver grounds, aviation fields, navy yards and naval stations, or for the purpose of erecting thereon lighthouses, beacons, lighthouse keepers' dwellings, hospitals, sanatoriums, works for improving navigation, post-offices, custom houses, fortifications, or buildings and structures for storage, manufacture or production of supplies, ordnance, apparatus or equipment of any kind whatsoever for the use of the army or navy, and any other needful buildings and structures." (State Law, § 50[1].)
Additionally, the State has authorized acquisition of land by the government of the United States from any county, city, town or village within the State for the purpose of military reservations, parade or maneuver grounds or aviations fields (id., § 50[2]). Land within the Adirondack Park is not included in these consents; acquisition must be authorized by special act of the State Legislature (id., § 50[1], [2]). Where the United States government cannot reach agreement with the owner of land and under other specified circumstances, it may apply to the State Supreme Court in the county within which the land is situated or to the United States District Court in the judicial district in which the land is situated, to acquire the land in accordance with the Eminent Domain Procedure Law (id., § 51[1]).
Once the United States government is in possession of such land, under a clear and complete title, the Governor in his discretion may execute a deed or release ceding to the United States the jurisdiction of such land (id., § 52). In the absence of a cession of jurisdiction, the laws of the State of New York would apply (1952 Report of the Attorney General 93). Even after a cession, however, the State retains concurrent jurisdiction with the United States over such property with respect to the issuance of civil and criminal process, except insofar as such process may affect the real or personal property of the United States (id., § 53). The jurisdiction ceded continues only so long as the United States government owns the property and uses it for the authorized purposes (id., § 54).
Thus, where land is acquired by the United States government without State cession of jurisdiction, the land is subject to the legislative authority and control of the State (People v Vendome Service, Inc.,171 Misc. 191 [Magistrates Court, N Y City, 1939], affd 173 Misc. 825
[1st Dept, 1940], affd without opn 284 N.Y. 742 [1940], mot for rearg den284 N.Y. 742 [1941]; 1952 Report of the Attorney General 93).
In addition to the cession of jurisdiction to the United States by the Governor under section 52, specific State statutes have ceded jurisdiction with respect to designated parcels. With regard to some tracts of land, the State has ceded to the Federal government complete jurisdiction (State Law, § 21). As to other tracts, jurisdiction has been ceded with a reservation by the State of the right to serve civil and criminal process issued under authority of State Law (id., §§ 22-29). In other instances, the State has retained jurisdiction concurrently with the Federal government in the exercise of criminal and civil process (id., § 30). Finally, with respect to certain tracts, jurisdiction has been ceded with the reservation of the right to serve criminal and civil process under State law and provided that those laws of the State that are not incompatible with the use of the land by the United States will continue to operate (id., §§ 31, 32, 33 and 34).
Thus, it is apparent that you must determine whether and the extent to which jurisdiction over particular parcels of land has been ceded by the State of New York to the Federal government. This will enable you to advise your coroner as to his jurisdiction on federally-owned property within the county.
We conclude that the Federal government may acquire jurisdiction over land it owns in this State through the cession of such jurisdiction by the State under section 52 of the State Law.