THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES KOBRYN, Appellant.

Submitted April 2, 1945; decided April 19, 1945.

*Charles Kobryn,* appellant in person. I. The County Court of Monroe County was without jurisdiction in law to indict, try and convict appellant on charges he received in interstate commerce a firearm while in the premises of the United States post office at Rochester. (*Ableman* v. *Booth,* 21 How. [U. S.] 506; *United States* v. *Cruikshank et al.,* 92 U. S. 542; *C. M. Patten & Co.* v. *United States,* 61 F. 2d 970; *Wilson* v. *Shaw,* 204 U. S. 24; *Fort Leavenworth R. R. Co.* v. *Lowe,* 114 U. S. 531; *United States* v. *Unzeuta,* 281 U. S. 138; *Arlington Hotel* v. *Fant,* 278 U. S. 439; *United States* v. *Penn.,* 48 F. 669; General Municipal Law, §§ 210, 211; *People* v. *Hillman,* 246 N. Y. 46; *Sharon* v. *Hill,* 24 F. 726; *Kohl et al.* v. *United States,* 91 U. S. 372; *Reuchelderfer* v. *Quinn,* 53 S. C. 177; *People ex rel. Hayden et al.* v. *City of R.,* 50 N. Y. 525; *Matter of De Vancene,* 31 How. Pr. 289; *Sun Publishing Assn.* v. *Mayor,* 8 App. Div. 230.) II. The United States Constitution (art. I, § 8, cl. 17) gives Congress the unlimited power: " To exercise exclusive legislation in all cases whatsoever, * * * over all places purchased by the consent of the legislature of the state in which the same shall be, for the erections of forts, magazines, arsenals, dockyards, and other needful buildings ".

*Daniel J. O'Mara, District Attorney (Stephen K. Pollard of counsel),* for respondent. The County Court of Monroe County had jurisdiction to try the indictment. (General Municipal Law, §§ 210, 211, State Law, §§ 50, 52; *People* v. *Vendome Service, Inc.,* 173 Misc. 825, 284 N. Y. 742; *Adams* v. *United States,* 319 U. S. 312.)

LOUGHRAN, J. Possession of a dangerous weapon without having a license therefor by one who has previously been convicted of a crime is made a felony by our Penal Law (§ 1897, subd. 4). After a trial in the County Court of Monroe County, the defendant was found guilty of having committed that offense at a time when he was within the United States post office at Rochester, N. Y. The validity of that conviction was in due course challenged by the defendant in the Appellate Division and in this court and was upheld on both appeals. (290 N. Y. 897.)

By our leave the case has lately been resubmitted to us and now for the first time the defendant makes the point that his

possession of the weapon was not an offense within the jurisdiction of this State, because (so he says) the Rochester post-office site had theretofore been ceded by the State Government to the Government of the United States. In our judgment, there is no warrant for this assertion of a transfer to the Federal Government of the authority of this State over the property in question.

Power to accept exclusive jurisdiction of land within a State for the erection thereon of structures that may be necessary to national ends is conferred upon the United States by the Federal Constitution. (Art I, § 8, cl. 17.) But the mere purchase or acquisition by the United States of land within a State for a Federal purpose does not of itself oust the State sovereignty over such land. (*Fort Leavenworth R. R. Co.* v. *Lowe,* 114 U. S. 525, 533.) In the leading case just cited, it was said (p. 531): "The consent of the States to the purchase of lands within them for the special purposes named is, however, essential, under the Constitution, to the transfer to the general government, with the title, of political jurisdiction and dominion. Where lands are acquired without such consent, the possession of the United States, unless political jurisdiction be ceded to them in some other way, is simply that of an ordinary proprietor." (So, *Arlington Hotel* v. *Fant,* 278 U. S. 439; *People* v. *Hillman,* 246 N. Y. 467; *People* v. *Vendome Service, Inc.,* 284 N. Y. 742, 290 N. Y. 642.)

The site of the United States post office at Rochester was validly acquired by the Federal Government through condemnation. (See U. S. Code, tit. 40, §§ 258a *et seq.*) Article 11 of the New York General Municipal Law permits a well-nigh automatic cession to the United States of one or more pieces of land not exceeding two acres in extent which the Federal Government has acquired in any city or village of this State for the accommodation of a post office. This need not detain us, however, for the United States post-office property at Rochester has an area of 3.06 acres. Again, article 4 of the State Law permits a cession to the Federal Government of lands which it has acquired in this State for post-office purposes when, among other things, a ceding deed or release thereof is executed by the Governor of the State in his discretion. But no request for executive State action of that kind has in this instance been made by the Federal authorities up to this moment.

At the time or on the occasion in question, then, the State of New York had not yielded up its sovereignty over the site of the United States post office at Rochester and, that being so, this defendant was then and there subject to the sanctions of the New York Penal Law.

The judgment, as previously modified in this court, should be affirmed.

LEHMAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment accordingly.