J. Howard Rossbaoh, J.
In the fair County of Bronx, near the intersection of the Grand Concourse and 149th Street, stands a noble edifice, to wit, a United States Post Office. Last Spring, the dignity of the interior of this building was rudely shattered when defendant, a postal employee, allegedly punched complainant, his co-worlcer. Defendant has been served with a summons from this court and is charged with assault. He now moves to quash the summons, on the ground that a United States Post Office is Federal property, and this court has no jurisdiction over any crime committed therein. Neither party has offered sufficient proof as to the exact ownership of the post-office building, nor as to the reservation of any jurisdiction by the State of New York.
The manner of any transfer of the property on which the post office is situated will be determinative of whether or not the State of New York has reserved jurisdiction over crimes committed thereon. (Fort Leavenworth R. R. Co. v. Lowe, 114 U. S. 525; People v. Kobryn, 294 N. Y. 192; General Municipal Law, §§ 210-212; State Law, §§ 52-53.)
*820 The mere fact that a piece of property is being used as a post office does not require this court to take judicial notice that the State of New York has ceded all ownership and control over the property. (People v. Segui, 11 Misc 2d 999; People v. Vendome Serv., 173 Misc. 825, affd. 284 N. Y. 742.) In the absence of proof to this effect, the motion to quash is denied. (People v. Segui, supra.)