Memorandum.
The order of the Appellate Division denying the motion to suppress should be affirmed upon the ground that defendants have failed to demonstrate that the marijuana found in their automobile during the course of a border search must be declared inadmissible as the product of an unconstitutional search.
Border searches need not be based on probable cause and customs officials are privileged to stop and examine any vehicle, person or baggage entering the United States (see, e.g., Carroll *708 v. United States, 267 U. S. 132,154; Alexander v. United States, 362 F. 2d 379, cert. den. 385 U. S. 977; Henderson v. United States, 390 F. 2d 805; United States v. Guadalupe-Garza, 421 F. 2d 876, 878; Deck v. United States, 395 F. 2d 89, 90). The mere crossing of the border is a sufficient basis for a search and, in the absence of a showing that it was unreasonable in the manner conducted, contraband seized is admissible as evidence. Consequently, once the defendants arrived at the check point, they properly came under official scrutiny and were legitimately subjected to questioning and to a search of their vehicle. It is, therefore, of no relevancy that a quantity of antidraft literature had been observed in the car prior to the search or for that matter, that the customs inspector lacked reason to suspect that the defendants might be in possession of marijuana.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order affirmed in a memorandum.