Rose L. Rubin, J.
Significant questions relating to concurrent jurisdiction by State and Federal authorities over contraband seized during customs procedures conducted at Kennedy International Airport are raised by defendant’s pretrial motions. Basically, defendant protests the jurisdictional validity of State prosecution where possession of contraband drugs is revealed in a border search upon entry into the United States from a foreign jurisdiction. He contends that the customs inspection point, operated exclusively by the Federal Government, imposes a physical, legal and symbolic barrier preventing entry into the State of New York. Thus, the Federal Government exercises exclusive jurisdiction, having preempted the field of customs regulations.
The facts are uncontroverted. In accordance with plans made by him, defendant was traveling by commercial airline from Morocco to' Lisbon, Portugal, to New York City, to Houston, Texas. The transatlantic portion of the trip terminated at Kennedy International Airport on August 8, 1976, where defendant was required to deplane with his luggage for the purpose of clearing customs and of continuing on a connecting flight to his ultimate destination. A brief period of time was scheduled for the stopover. During the course of their inspection, customs officials discovered the contraband which is the subject of this indictment, approximately 22 pounds of marijuana, in defendant’s suitcase. Defendant himself presented the suitcase for inspection. He does not deny ownership.
Normally, where an individual or his baggage enters the United States from a foreign country, both he and his baggage are subject to an inspection by customs agents (US Code, tit 19, §§482, 1581). Such inspection, often called a "border search”, may be triggered by mere suspicion (United States v Mastberg, 503 F2d 465; People v Dworkin, 30 NY2d 706). The propriety of the customs search is not here in question. It is defendant’s contention that the prosecution of the crime which he committed, if any, should be prosecuted by Federal authorities, and, therefore, that the courts of the State of New York have no authority to prosecute him. Defendant is in error.
The right of a State and the United States Government to prosecute a defendant for a single crime committed within the boundaries of that State which violates both the laws of the State and the United States is well established in our law. *465 (United States v Marigold, 9 How [50 US] 506; Fox v Ohio, 5 How [46 US] 410; People v Welch, 141 NY 266.) The exceptions, which are also long established, are the pre-emption of the State’s power by either constitutional provision or by clear and unambiguous Federal legislation, reserving that subject area or land area to Federal control exclusively. (Adams v United States, 319 US 312; United States v Marigold, supra; Fox v Ohio, supra; People v Welch, supra.) Absent the clear intent of the Federal Government to exercise sole jurisdiction over a particular field, such jurisdiction over a land area within a State, can only occur where the State cedes the land and jurisidetion over it to the United States Government. (Bowen v Johnston, 306 US 19; Fort Levenworth R. R. Co. v Lowe, 114 US 525; People v Vendome Serv., 173 Misc 825, affd 284 NY 742, mot for rearg den 285 NY 611; People v Kobryn, 294 NY 192; State Law, § 52; General Municipal Law, §§ 210-212.)
The principle is aptly illustrated in People v Kobryn (supra). There, the Court of Appeals held that New York had not yielded its sovereignty over the site of the United States Post Office in the City of Rochester. It concluded that the State, therefore, retained the authority to try and to punish a person who illegally possessed a dangerous weapon within the post office in violation of New York law.
Neither the United States Congress nor the United States Coiistitution has pre-empted the State of New York from enforcing its laws against the sale or possession of a controlled substance. They are entirely compatible with the Federal laws regulating customs procedures. The defendant, even though he has raised the issue of jurisdictional impediment, does not claim, let alone offer to prove, that Kennedy International Airport and jurisdiction over it, was ceded to the United States Government by the State or City of New York.
Here the same act constitutes an offense equally against the laws of the United States and against the laws of New York and subjects defendant to trial under the laws of either government (Pettibone v United States, 148 US 197; United States v Marigold, 9 How [50 US] 506, supra; Fox v Ohio, 5 How [46 US] 410, supra; People v Welsh, 141 NY 266, supra).
The contention that defendant was "forced” to clear customs is untenable. The arrangements for his flight were made with his knowledge and consent. People v Newton (72 Misc 2d 646), which defendant relies upon, is readily distinguishable.
*466 The defendant contends also that New York had such fleeting contact with him as to deprive it of jurisdiction. In support of this, he states that it was his intention to remain in Kennedy International Airport very briefly solely as a transfer point from his international flight to a Houston bound domestic flight. In essence, the defense urges that a person who intends only to use New York as a trail across which to bring his contraband rather than a place to leave it, is immune from prosecution in this State. Such a view is unsupported.
The statute under which the defendant was indicted (Penal Law, § 220.09, subd 10) speaks of knowing and unlawful possession. Such possession within the boundaries of the State of New York, if proven, is sufficient to constitute the crime charged. That possession occurs in the course of a transshipment in no way alters the character of the crime.
Defendant’s objection to jurisdiction are insufficient. Defendant’s motion to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [h]) is denied.
Additionally, defendant moves to suppress the property seized or, in the alternative, for a hearing. The court may summarily deny the motion if the moving papers fail to allege a ground constituting a legal basis for the motion or the sworn allegations of fact do not as a matter of law support the ground alleged. (CPL 710.60, subd 3.) Such is the case on this motion. Defense counsel’s moving affirmation is based solely upon the search of defendant’s luggage by United States customs inspectors upon his arrival at Kennedy International Airport as a passenger on an international flight. These facts do not constitute a basis for suppression or even for a hearing.
The authority of customs officers to search persons and vehicles entering the country without the necessity of a warrant is of the broadest possible scope. (Murgia v United States, 285 F2d 14, cert den 366 US 977; United States v Rodriguez, 195 F Supp 513, affd 292 F2d 709; Alexander v United States, 362 F2d 379, cert den 385 US 977.) The mere crossing of the border is a sufficient basis for a search and the contraband seized is admissible as evidence. (People v Dworkin, 30 NY2d 706, supra.) It is of no relevance that the customs inspector may have lacked a reason to suspect that the defendant might be in possession of marijuana (People v Dworkin, supra).
Nothing in the decision of this court in People v Entenmann (NYLJ, April 23, 1976, p 10, col 3) is to the contrary.
*467 Accordingly, defendant’s motion to suppress is denied.