OPINION OF THE COURT
Nat H. Hentel, J.
Defendant moves under CPL 210.20 (subd 1, par [h]) for the dismissal of this and two other indictments on the basis of an alleged jurisdictional defect.
Defense argues that this court does not have jurisdiction of the defendant because the arresting officers were working under a Drug Enforcement Administration joint Federal/ State task force, which included Federal agents and New York State and City police officers. In fact, a New York City police member of the task force arrested defendant.
Defense reasons that the Drug Enforcement Agency may only bring its arrestees before the United States District Court having proper jurisdiction.
In this court’s view, there is no jurisdictional impediment under CPL 210.20 (subd 1, par [h]) to prosecute defendant in a State court for the offense charged.
Although the Drug Enforcement Administration is a *496 Federal agency, concurrent jurisdiction with the State is intended under section 903 of title 21 of the United States Code (Ledcke v State, 260 Ind 382). Regarding the application of State law, section 903 of title 21 of the United States Code reads as follows: “No provision of this subchapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.”
The Federal courts have exclusive jurisdiction of Federal criminal prosecutions. However, the same act may constitute both a Federal and State crime. In such a situation, the offender may be prosecuted by both sovereigns. (Bartkus v Illinois, 359 US 121; Abbate v United States, 359 US 187; United States v Jackson, 470 F2d 684.)
It was held in United States v Jackson (supra, at p 689), “[a]n act denounced as a crime by both federal and state sovereignties is an offense against the peace and dignity of both, and may be punished by each.”
Motions denied.