OPINION OF THE COURT
William J. Burke, J.
This is a motion to vacate the instant judgment of conviction pursuant to CPL 440.10 (subd 1, par [a]) upon the express contention that the court did not have jurisdiction of this action, i.e., subject matter jurisdiction.
The facts briefly indicate that the defendant was charged by way of indictment with having committed the crime of criminal possession of a forged instrument in the second degree in that it was alleged that on or about the 12th day of February, 1979, at the City of Syracuse, in this county, knowing that it is forged and intending to defraud, deceive or injure another, he uttered or possessed a forged instrument, to wit: a prescription of a duly licensed physician.
The defendant on November 1, 1979 entered a plea of guilty to the charges of attempted criminal possession of a forged instrument in satisfaction of this indictment and was sentenced as a predicate felon to an indeterminate term of imprisonment having a minimum of one and one-half years and a maximum of three years.
*606 While the indictment alleged that the crime occurred within the City of Syracuse, it is clear from the People’s bill of particulars that although the Veterans Hospital is located within the City of Syracuse, that the factual predicate for the underlying crime of criminal possession specifically occurred on February 12,1979 at approximately 3:15 p.m. in the Veterans Hospital, pharmacy section.
The defendant’s allegation relative to the court’s lack of subject matter jurisdiction is based upon the contention that the property upon which the Veterans Hospital is located has been deeded to the United States Government and that the State of New York, along with such conveyance of property, additionally deeded to the Federal Government the exclusive jurisdiction over such property.
It is clear from the documentary evidence supplied to the court by both the defense and the People that the Governor of the State of New York, pursuant to section 52 of the State Law, did in fact execute a release ceding to the United States jurisdiction over certain parcels of land upon which the Veterans Hospital in Syracuse is located, upon application therefor by the Federal Government. This document, although ceding jurisdiction to said lands, reserved in accordance with section 53 of the State Law, concurrent jurisdiction with the United States insofar as that all civil and criminal process which may issue under the laws or authority of the State of New York may be executed thereon in the same way as if such jurisdiction had not been ceded. This latter reservation, however, in the court’s opinion does not affect the substantive issues raised by the defendant, as those issues relate to the determination of this court’s subject matter jurisdiction. The reservation relating to service of process does not create subject matter jurisdiction where, as here, such jurisdiction had been ceded to the United States. The reservation of process to the State is to insure the continued integrity of the State system to administer its laws and to gain jurisdiction over appropriate individuals properly subject to State actions or proceedings.
The United States has the power under Federal law to acquire exclusive, partial or concurrent jurisdiction over *607 lands located within the State boundaries which are purchased by the Federal Government. (See US Const, art I, §8, cl 17; US Code, tit 18, §§ 7, 13; tit 40, §255.)
The State of New York in like respect has authority to cede such jurisdiction over lands purchased within this State for Federal purposes (see State Law, §§50-57; General Municipal Law, §§210-212).
In the instant case, the Federal Government applied for such exclusive jurisdiction and upon due consideration of such application, the Governor of the State of New York in accordance with State law, ceded such jurisdiction over the Veterans Hospital to the United States Government.
Therefore, based upon the documentation supplied to this court, it appears that the Federal Government did apply for and ultimately did obtain a cessation of jurisdiction from the Governor of the State of New York over the property upon which the Veterans Hospital here in Syracuse is located.
Having stated that the Federal Government has exclusive jurisdiction over the instant property, the court must look to the substantive elements of this crime, as they related to where they are alleged to have occurred. The instant crime of criminal possession of a forged instrument, as stated by the People in its bill of particulars, clearly specifies that the possession occurred at the Veterans Hospital, pharmacy section. Therefore, as to the locus of the crime, it is clear that the People’s factual allegation in support of this charge places the substantive element of “possession” at the Veterans Hospital.
In conclusion, therefore, it appears that the crime as charged occurred upon property under exclusive jurisdiction of the Federal Government and that the Federal Government, not the State, has authority to prosecute the defendant for this crime.
Therefore, the defendant’s motion is granted and the judgment of conviction is vacated upon the ground that the *608 court lacked subject matter jurisdiction. This ruling, of course, does not affect in any way the right of the Federal Government to prosecute this defendant further for the underlying crime alleged herein.