■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD FISHER, Appellant. — Appeal from a judgment of the County Court of Clinton County (Feinberg, J.), rendered March 1, 1982, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree and criminal possession of marihuana in the fourth degree. On January 21, 1981, defendant attempted to cross the United States border from Canada. At the United States Customs Station in Champlain, Clinton County, New York, he was directed from the primary checkpoint to a secondary inspection area where his car was searched. The customs inspector discovered a .25 caliber handgun and ankle holster in the glovebox; a clip for the gun containing eight rounds of ammunition and 10 loose rounds were found in the pocket of a coat on the front seat; and 114.5 grams of marihuana and hashish were uncovered in various locations about the vehicle. A State trooper who had been summoned by the customs authorities arrested defendant and issued *Miranda* warnings to him. Defendant responded that he understood his rights and would answer questions without an attorney. However, when the officer asked defendant if the pistol was his, defendant merely shrugged his shoulders and the officer discontinued questioning him. Approximately one-half hour later and after arrival at the Chazy State Police Substation, an investigator with the Bureau of Criminal Investigation, after receiving affirmative responses from both the arresting trooper and defendant as to whether the latter had been advised of his rights, asked defendant about the gun, the marihuana and the ammunition. Defendant acknowledged that they belonged to him. The indictment presented to the Grand Jury was accompanied by a special information accusing defendant of having been previously convicted of armed bank robbery. Because of this conviction, his indictment on April 9, 1981 was for, *inter alia,* criminal possession of a weapon in the third degree instead of the fourth degree. Prior to trial, defendant's challenge to the panel of prospective jurors, on the ground that the selection process discriminated against youth, was considered and properly denied for defendant failed to establish a purposeful or systematic discrimination by the jury commissioner of any distinctive group or class (see *People v Parks,* 41 NY2d 36). Also denied, and rightly so, was defendant's motion to suppress the gun, ammunition and marihuana on the ground that they were obtained in violation of defendant's Fourth Amendment rights. It is urged that defendant's rights in this respect were violated by the customs officials when, without probable cause, they searched him. Border searches, since before the adoption of the Fourth Amendment, have been considered reasonable by the single fact that the person has entered our country from outside (*United States v Ramsey,* 431 US 606, 619). Moreover, referring motorists selectively to a secondary inspection area is an intrusion of

sufficiently minimal significance that no particularized reason need exist to justify it (*United States v Martinez-Fuerte,* 428 US 543, 563). Similarly unpersuasive is the contention that the incriminating statements defendant made to the investigator were illegally admitted into evidence because defendant's shrug, an equivocal gesture at best which was made in response to the arresting trooper's inquiry as to whether the gun was his, effectively revoked defendant's earlier unambiguous and express waiver of his right to counsel (*People v Coles,* 89 AD2d 471, 475). Nor do we perceive any need for the investigator to further recite the *Miranda* warnings before beginning his interrogation. Not only had defendant voluntarily waived those rights just a short time before, but he had been in continuous custody with no reason to assume that he was other than the focal point of the investigation; it is hardly likely he forgot or no longer understood his rights (*People v Johnson,* 49 AD2d 663, 665, affd 40 NY2d 882). The trial court's rejection of defendant's claim that Clinton County was without jurisdiction to indict and try defendant because the site of the crime was the United States-Canadian border within the Federal customhouse area must also be sustained. Pursuant to CPL 20.20, New York has jurisdiction over conduct occurring within its geographic boundaries. Mere purchase or acquisition by the United States of land within a State for Federal purposes does not per se oust the State of sovereignty over such land (*People v Kobryn,* 294 NY 192, 194). It is the manner in which the property is transferred which is determinative (*People v Gerald,* 40 Misc 2d 819). Absent a showing that the Federal Government clearly intended to exercise sole jurisdiction over a particular land area within a State, exclusive Federal jurisdiction occurs only when the State cedes the land and jurisdiction over it to the United States Government (*Bowen v Johnston,* 306 US 19, 23; *Fort Leavenworth R. R. Co. v Lowe,* 114 US 525, 531; *People v Kobryn, supra*) and the burden of proving this, not carried here, is upon defendant (*People v Mitchell,* 90 Misc 2d 463). Defendant also challenges the use of his prior conviction to escalate his weapons possession count to a felony and to lengthen his sentence as a second felony offender on both procedural and constitutional grounds. Pursuant to CPL 200.60, after the trial had commenced, defendant was arraigned on the special information. At that time, the prosecution was permitted to amend the special information to reflect the correct date of the prior conviction and defendant stipulated to having been convicted of the crime charged, precluding its introduction into evidence. Now defendant maintains that his Federal conviction of "armed bank robbery, a felony" may not serve as a predicate felony. We disagree. Defendant pleaded guilty to counts three and six of a Federal indictment which charged him with violating title 18 (§ 2113, subd [d]) of the United States Code in that he assaulted and put in jeopardy the life of various persons by use of a bomb while attempting to steal money belonging to a bank. Since subdivision (d) is at least the substantive equivalent of attempted robbery in the third degree under New York law, for which a sentence of more than one year is authorized, it serves as a predicate felony under section 70.06 of the Penal Law. With regard to defendant's assertion that escalating his conviction from criminal possession of a weapon in the fourth degree, a misdemeanor, to a felony solely on the basis of his status as a previously convicted felon violates the United States Constitution, it is worth noting that recidivist statutes, enhanced sentence laws and procedures designed to implement their underlying policies invariably withstand constitutional challenges (see, e.g., *Spencer v Texas,* 385 US 554, 559). The use of defendant's former conviction to both elevate his crime and impose a harsher sentence is not double jeopardy; defendant is not being punished twice for his status, but is receiving "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one" (*Gryger v*

*Burke,* 334 US 728, 732). Except for the need to modify the sentence imposed, we find defendant's remaining arguments unconvincing. The sentence, as the People candidly concede, is illegal. Defendant was sentenced to an indeterminate term of three to six years on the weapons possession conviction as a second felony offender. On his conviction for possessing marihuana, a one-year determinate sentence was imposed to be served consecutively to the indeterminate sentence. The determinate sentence should run concurrently with the indeterminate sentence (see Penal Law, § 70.35). Judgment modified, on the law, to the extent that the one-year determinate sentence is to run concurrently with the indeterminate sentence, and, as so modified, affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.