■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP ZIPKIN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered March 20, 1981, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

There is no merit to the contention raised by defendant in his *pro se* supplemental brief that New York lacks jurisdiction to prosecute him for the instant offense, as the heroin was discovered by Federal customs inspectors during a search of his person at Kennedy International Airport. Defendant has failed to sustain his burden of proving that the Federal Government has exclusive jurisdiction over offenses committed or discovered in the customs area of that airport, as a result of clear and unambiguous Federal legislation asserting such jurisdiction or this State ceding the land and the jurisdiction over it to the United States Government (see *Bowen v Johnston,* 306 US 19; *Collins v Yosemite Park,* 304 US 518; *United States v Holmes,* 414 F Supp 831, 837-838; *People v Kobryn,* 294 NY 192; *People v Fisher,* 97 AD2d 651, 652; *People v Mitchell,* 90 Misc 2d 463). Therefore, the Federal and State Governments had concurrent jurisdiction over the offense committed by defendant and when the Federal authorities declined to prosecute defendant, they properly turned him over to State authorities for prosecution (see *People v Fisher, supra; People v Mitchell, supra; People v Marcus,* 90 Misc 2d 243, 245-246; *People v Sheppard,* 105 Misc 2d 495).

We have examined the other contentions raised on this appeal and find them either to be without merit or not preserved for appellate review. Thompson, J. P., Brown, Niehoff and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUDY DAKIN, Appellant, v FRANK HEADLY, as Superintendent, Bedford Hills Correctional Facility, Respondent. — In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County (Sullivan, J.), entered June 21, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The record herein supports a conclusion that the respondent met his "modest" burden of establishing that the petitioner was not " 'subject to the convenience and the practical control of the Parole Board' " (*People ex rel. Gonzales v Dalsheim,* 52 NY2d 9, 14, quoting *People ex rel. Walsh v Vincent,* 40 NY2d 1049, 1050; *Matter of Vasquez v New York State Bd. of Parole,* 58 NY2d 981). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.