■ The People of the State of New York, Respondent, v Albert Springs, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 25, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

■ The People of the State of New York, Respondent, v Otis Tate, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Patsalos, J.), rendered May 17, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction of manslaughter in the first degree arose out of the fatal stabbing of Emanuel Stewart on April 18, 1983. At the time of Stewart's death, both he and the defendant were inmates at the Federal prison in Otisville, New York. The defendant argues on appeal, as he did unsuccessfully before the County Court, Orange County, that since the crime was committed within the confines of a Federal prison, the State of New York had no jurisdiction to indict him.

The defendant's argument must be rejected. It has been held that "[a]bsent a showing that the Federal Government

clearly intended to exercise sole jurisdiction over a particular land area within a State, exclusive Federal jurisdiction occurs only when the State cedes the land and jurisdiction over it to the United States Government" *(People v Fisher,* 97 AD2d 651, 652; *see also, People v Materon,* 107 AD2d 408, 411). The burden of proving that the State has ceded particular land and jurisdiction over it to the Federal Government is upon the defendant *(see, People v Fisher, supra).* On the instant record, the defendant failed to meet his burden. We have examined the remaining points raised by the defendant and find them to be without merit. Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.