OPINION OF THE COURT
Emily Jane Goodman, J.
The Regional Attorney for the Equal Employment Opportunity Commission (EEOC), the defendant, is charged by the complainant, an attorney on his staff, with the violation of harassment (Penal Law §240.25). The complainant alleges that during a meeting between the two, the defendant became verbally abusive, threatened her with harm, lunged at her, pointed his finger and fist at her in a threatening manner, pushed her with his chest and stomped on her foot. The alleged harassment took place in an office of the legal division of the New York District Office of the Equal Employment Opportunity Commission, a Federal agency, at 90 Church Street.
*295 The complaint was returnable in a Summons All-Purpose (SAP) Part. Because the case is pending in the Summons Part, the office of the District Attorney, by its own policy decision, is not involved in the prosecution. Instead, complainant is represented by private counsel. The defendant is represented by the United States Attorney for the Southern District of New York.
Before this court is defendant’s motion to dismiss based on three grounds: (1) that New York does not have jurisdiction over the alleged offense because it has ceded exclusive jurisdiction of the premises where the alleged act occurred to the Federal Government; (2) that the prosecution of the case should be by the District Attorney’s office and not the complainant; and (3) that the interests of justice require a dismissal. (GPL 170.30 [1] [a], [f], [g].)
The location of the incident alleged is an office at 90 Church Street in the County, City and State of New York. The parties agree that the building was and is owned by the United States Government; indeed, complainant’s papers in opposition to this motion refer to the premises as a "federal building” and counsel for the defendant, an Assistant United States Attorney, has sworn by affidavit that he personally examined the records on file at the Register of New York County and confirmed that the premises at 90 Church Street remain owned by the Federal Government, and that the United States Postal Service and the General Services Administration have confirmed this.
The defendant argues that the premises at 90 Church Street are under the exclusive jurisdiction of the Federal Government and that the State courts lack jurisdiction.
The complainant, submitting no memoranda of law, or documentary or other proof, seems to argue that exclusive Federal jurisdiction is distinguishable from jfirisdiction over alleged acts within the building. In the alternative, the complainant appears to argue that New York has maintained jurisdiction over the premises pursuant to General Municipal Law § 212 which states that ceding exclusive jurisdiction to the Federal Government "shall not prevent the execution on the land acquired [by the Federal Government] of any process civil or criminal, issued under the authority of the state”.
Although it is uncontested that the United States Government properly purchased and now owns the building at 90 Church Street, "the mere purchase or acquisition by the *296 United States of land within a State for a Federal purpose does not of itself oust the State sovereignty over such land.” (People v Kobryn, 294 NY 192, 194 [1945], citing to Fort Leavenworth R. R. Co. v Lowe, 114 US 525, 533 [1885].)
However, the United States with the consent of the State of New York has acquired title to and exclusive jurisdiction over 90 Church Street and the acts therein by both State and Federal law.
The United States Congress created a "definite method of acceptance of jurisdiction so that all persons could know whether the Government had obtained [jurisdiction]” (Adams v United States, 319 US 312, 314 [1943], citing to 40 USC § 255). Under 40 USC § 255, the Federal Government can acquire exclusive jurisdiction "by filing a notice of such acceptance with the Governor of such State or in such manner as may be prescribed by the laws of the State where such lands are situated.” The Federal Government does not acquire jurisdiction where it does not accept "jurisdiction in the manner required by the Act [40 USC § 255]” (Adams v United States, supra, at 315).
The United States can acquire exclusive jurisdiction over property within a State where the State cedes such jurisdiction. (Collins v Yosemite Park Co., 304 US 518 [1938].) More specifically, "[p]ower to accept exclusive jurisdiction of land within a State for the erection thereon of structures that may be necessary to national ends is conferred upon the United States by the Federal Constitution. (Art. I, § 8, cl. 17.)” (People v Kobryn, 294 NY, supra, at 194.) Under US Constitution, article I, § 8 (17), the United States acquires exclusive jurisdiction over land purchased with the consent of the relevant State Legislature for "Forts, Magazines, Arsenals, dock-Yards and other needful Buildings” (emphasis added).
The building at 90 Church Street fits into the category of "other needful Buildings”. "We construe the phrase 'other needful buildings’ as embracing whatever structures are found to be necessary in the performance of the functions of the Federal Government.” (James v Dravco Contr. Co., 302 US 134, 143 [1937].)
The Attorney-General of the State of New York concluded more than 30 years ago that on December 26, 1935, the Federal Government had acted in conformity with State law and that New York had ceded exclusive jurisdiction over the premises at 90 Church Street to the Federal Government. *297 (1954 Opns Atty Gen 117.) The opinion of the Attorney-General is very precise in describing the manner in which the Federal Government followed the procedures required by General Municipal Law § 211 and also cites the relevant title documents (13 Original Deeds and Title Papers, at 94 et seq.; 7 Mise Deeds and Title Papers, at 69 et seq.). In addition, the Inventory Report on Jurisdictional Status of Federal Areas Within the States 537, a compilation by the General Service Administration as of June 30, 1982, has the premises in issue listed as being under exclusive Federal jurisdiction as of 1935.
Procedures established by New York under which the Federal Government obtains exclusive jurisdiction over land it acquires are set forth in General Municipal Law § 211. The exception on which complainant seeks to rely is that the State retains jurisdiction to execute any civil or criminal process on such land.
New York’s retention of the authority to execute process on premises (General Municipal Law § 212) does not prevent the transfer of jurisdiction to the United States as such transfer may be qualified. (Stewart & Co. v Sadrakula, 309 US 94, 99 [1940]; James v Dravco Contr. Co., 302 US, supra, at 148; Paul v United States, 371 US 245, 264-265 [1963].)
The power to execute process is not equivalent to the power to adjudicate a case. Where the State has ceded exclusive jurisdiction over the premises to the Federal Government with the reservation that this will not prevent the execution of any legal process by the State, but does not otherwise reserve the right to adjudicate crimes committed on such premises, "such right rests solely with the Federal government.” (People v Kraus, 212 App Div 397, 404 [2d Dept 1924]; Rogers v Squier, 157 F2d 948, 949-950 [9th Cir 1946], cert denied 330 US 840, reh denied 331 US 866; People v Dowdell, 109 Misc 2d 605, 606 [Onondaga County Ct 1981]).
Unlike the power to adjudicate cases, States reserve the right to execute criminal process on ceded land for the particular purpose of preventing fugitives from justice from using it as a safe haven. (Fort Leavenworth R. R. Co. v Lowe, 114 US 525, supra; United States v Unzeuta, 281 US 138, 143 [1930]; Rogers v Squier, 157 F2d, supra, at 950; United States v Schuster, 220 F Supp 61, 64 [ED Va 1963]; People v Dowdell, supra, at 606.)
This court finds that it does not have jurisdiction over the alleged offense and, having no discretion to do otherwise, *298 grants the motion to dismiss on that basis. The granting of this motion does not preclude prosecution of the alleged offense in the United States District Court for the Southern District of New York which would have jurisdiction over the charge. (See, 18 USC § 7 [3]; § 13.)
Notwithstanding the importance of the issue of the right of a private party to conduct a criminal prosecution, this court does not find it necessary to rule on the issue since the motion to dismiss is granted on jurisdictional grounds. For the same reason, it is not necessary to rule on the defendant’s motion to dismiss in the interests of justice, particularly since the defendant has not attempted to demonstrate that this case meets the criteria for a dismissal in the interest of justice pursuant to CPL 170.30 (1) (g) and 170.40.