■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER HICKS, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress a stolen credit card seized by Customs officials from defendant's wallet during a border search. Generally, the brief detention of persons at border crossings and the inspection of their luggage and other belongings is constitutionally permissible without any suspicion of criminal activity *(People v Luna,* 73 NY2d 173, 176, citing *United States v Montoya de Hernandez,* 473 US 531, 537-538; *United States v Thirty-Seven Photographs,* 402 US 363, 376; *People v Dworkin,* 30 NY2d 706);* nevertheless, patdowns and other personal searches require "some" suspicion of criminal activity *(People v Luna, supra,* at 177-178). Applying the holding of *Luna* to this case, we agree with the suppression court that the search of defendant's wallet was less intrusive than the patdown in *Luna* and that, in any event, the search was supported by "some" suspicion.

Similarly, the court properly denied defendant's motion to suppress statements that he alleged were taken in violation of his *Miranda* rights. The Customs officers' testimony, which the court was entitled to believe, established that defendant was not in custody at the time he made his statements. The questioning of defendant was a routine Customs inquiry designed to ascertain the identity and purpose of a person entering the country; the law is clear that *Miranda* warnings need not be given in such circumstances *(United States v Silva,* 715 F2d 43, 46; *United States v Moody,* 649 F2d 124, 127).

We have reviewed defendant's remaining contentions and conclude that they are without merit *(see, Batson v Kentucky,* 476 US 79; CPL 270.10 [2]). (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—criminal possession of stolen property, second degree.) Present—Doerr, J. P., Denman, Balio, Lawton and Lowery, JJ.